United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **AMAN RAWAT,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00521** |
| | § | |
| **PAM BONDI,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is Aman Rawat's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner entered the United States without inspection on January 20, 2025, and was taken into ICE custody shortly thereafter. (*Id.* at 8; Dkt. 8 at 2.) Petitioner was served with a Notice and Order of Expedited Removal. (Dkt. 1 at 8; Dkt. 8 at 2.)

While in custody, Petitioner was notified that he was scheduled for a Convention Against Torture (CAT) assessment interview, but an interpreter was not available. (*Id.*) On April 25, 2025, and Immigration Court initiated Withholding of Removal Only proceedings, but DHS entered a Motion to Terminate the proceedings on September 3, 2025, which an Immigration Judge (IJ) granted without prejudice. (Dkt. 1 at 9; Dkt. 8 at 3.) Shortly after, Petitioner was issued a Notice to Appear, bringing him into full removal proceedings. (*Id.*) However, an IJ again terminated Petitioner's removal proceedings without prejudice on March 11, 2026, as there was an ongoing inability to secure a Nepali Kham translator that Petitioner could sufficiently understand. (*Id.*)

1 / 2

Thereafter, DHS filed a Motion to Reconsider the IJ's order to terminate proceedings. (Dkt. 1 at 10; Dkt. 8 at 3.) On March 17, 2026, the IJ denied DHS's motion to reconsider, and DHS filed a timely appeal of the IJ's denial which remains pending with the Board of Immigration Appeals (BIA). (*Id.*)

Upon review of the record before the Court, the Parties are **ORDERED** to submit responsive briefs **on or before May 27, 2026**, addressing how the Government's pending appeal of the IJ's denial of the motion to reconsider affects the status of the underlying removal proceedings and any corresponding authority for continued detention. In their briefing, the Parties are **ORDERED** to brief the effect, if any, of the following regulations on Petitioner's current posture: 8 C.F.R. §§ 1003.23(v), 1003.6(a)–(b). The Parties also must cite other relevant legal authority sufficient to support their respective positions.

IT IS SO ORDERED.

SIGNED this May 20, 2026.

Diana Saldaña
United States District Judge