United States District Court
Southern District of Texas

**ENTERED**

June 23, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| AMAN RAWAT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00521 |
| | § | |
| PAM BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On June 1, 2026, the Court granted in part Petitioner Aman Rawat's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and ordered Respondents to provide Petitioner with an individualized custody review before an immigration judge (IJ) at which the Government bore the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community within 7 days, or else release Petitioner. (Dkt. 13 at 7.)

On June 9, 2026, Respondents filed a Status Report, (Dkt. 14), stating that "Petitioner had a custody redetermination hearing before an Immigration Judge. The Immigration Judge denied bond, finding that Petitioner is a flight risk." (*Id.* at 1.) Respondents attached a copy of the IJ's order where the IJ explains that Petitioner "is a flight risk for the reasons noted on the record." (*Id.*, Attach. 1.) Specifically, the IJ states that Petitioner "was wholly unresponsive to the Court and was unrepresented." (*Id.*)

On June 12, 2026, Petitioner filed an Emergency Motion to Enforce Court's Order and Show Cause, (Dkt. 15), alleging that the custody review was inadequate. (*Id.* at 5–6.) Petitioner claims that Respondents did not provide notice to him or his attorney that the bond hearing was

1 / 3

scheduled, which is why Petitioner was unrepresented and unprepared to respond. (*Id.*) Moreover, Petitioner alleges that he was unresponsive because he was unable to understand the proceedings without a qualified Kham interpreter and thus, was unable to meaningfully participate. (*Id.*)

In its Order dated June 1, 2026, (Dkt. 13), the Court explicitly placed the burden on the government to prove, by clear and convincing evidence, Petitioner was a flight risk or danger to the community or else release Petitioner from custody immediately. (*Id.* at 7.) As such, Petitioner's allegations indicate that the IJ may have failed to properly place the burden on the government to demonstrate that Petitioner is a flight risk or weigh mitigating evidence and, if proven, would entitle Petitioner to immediate release.

Accordingly, Respondents are hereby **ORDERED** that (1) **within 3 days** they must file a supplemental notice supporting their position that the bond hearing held by Immigration Judge Courtney Stevens on June 4, 2026, complies with the Court's June 1, 2026 Order and provide a transcript or recording of the bond proceedings and copy of the accompanying evidentiary submissions to the Court, **OR** (2) they must **IMMEDIATELY RELEASE** Petitioner from custody, under reasonable conditions of supervision, during the pendency of Petitioner's removal proceedings.

If Respondents choose to release Petitioner, they are **ORDERED** to file a notice confirming Petitioner's release **no later than June 26, 2026**. Respondents must also return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

IT IS SO ORDERED.

SIGNED this June 23, 2026.

Diana Saldaña
United States District Judge